# MEMORANDUM DECISIONS

**ADAMS v. SIRE.** (Supreme Court, Appellate Division, First Department. April 25, 1913.) Action by George W. Adams against Leander S. Sire. No opinion. Motion denied, with $10 costs. Order filed. See, also, 140 N. Y. Supp. 1108.

**AGLIOLA, Respondent, v. ERIE R. CO., Appellant.** (Supreme Court, Appellate Division, Fourth Department. April 30, 1913.) Action by Francesca Papa Agliola, as administratrix, etc., against the Erie Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

FOOTE, J., dissents. LAMBERT, J., not sitting.

**A. HUPFEL'S SONS v. SCHELLING et al.** (Supreme Court, Appellate Division, Second Department. May 9, 1913.) Action by A. Hupfel's Sons, a domestic corporation, against Charles E. W. Schelling and another. No opinion. Motion granted, without costs.

**ALEXANDER et al., Respondents, v. OLD BRIDGE ENAMELED BRICK & TILE CO., Appellant.** (Supreme Court, Appellate Division, First Department. May 2, 1913.) Action by Elmer E. Alexander and others against the Old Bridge Enameled Brick & Tile Company. C. A. Flammer, of New York City, for appellant. E. J. Esselstyn, of New York City, for respondents. No opinion. Judgments affirmed, with costs. Order filed.

**ALLEN, Respondent, v. BAILEY et al., Appellants.** (Supreme Court, Appellate Division, Second Department. April 11, 1913.) Action by G. Edgar Allen, as trustee in bankruptcy, etc., against Samuel E. Bailey and another. No opinion. Judgment affirmed, with costs.

**AMERICAN CREDIT INDEMNITY CO. v. COHEN et al.** (Supreme Court, Appellate Division, First Department. May 23, 1913.) Action by the American Credit Indemnity Company against Frank Cohen and others. No opinion. Application denied, with $10 costs. Order signed.

**AMERICAN TRIMMING & BRAID CO. RUBIN et al.** (Supreme Court, Appellate Term, First Department. May 8, 1913.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by the American Trimming & Braid Company against Samuel Rubin and others, copartners doing business under the name of Rubin Bros. From a judg-ment for defendants, plaintiff appeals. Reversed, and judgment ordered. David Drechsler, of New York City, for appellant. Samual Kahan, of New York City, for respondents.

PER CURIAM. The defendants admitted that they owed the plaintiff $7.78. Judgment should not have been given for the defendants. Judgment reversed, with costs, and judgment ordered for plaintiff for $7.78.

**AMERICAN WOOLEN CO. v. MOSKOWITZ.** (Supreme Court, Appellate Division, First Department. May 23, 1913.) Action by the American Woolen Company against Harry Moskowitz. No opinion. Application granted. Order signed. See, also, 122 N. Y. Supp. 1121.

**ANDERSON v. LOZIER MOTOR CO.** (Supreme Court, Appellate Division, First Department. April 11, 1913.) Action by Tallek Anderson against the Lozier Motor Company. No opinion. Motion granted, with $10 costs. Order filed.

**ANDERSON, Appellant, v. NASSAU ELECTRIC R. CO., Respondent.** (Supreme Court, Appellate Division, First Department. May 23, 1913.) Action by Minnie Anderson against the Nassau Electric Railroad Company. J. A. Hilton, of New York City, for appellant. D. A. Marsh, of Brooklyn, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

**ANDREW J. ROBINSON CO., Respondent, v. SECURITY MUT. LIFE INS. CO., Appellant.** (Supreme Court, Appellate Division, First Department. May 9, 1913.) Action by the Andrew J. Robinson Company against the Security Mutual Life Insurance Company. H. D. Ninman, for appellant. E. S. Clinch, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

**ARMENTI v. BROOKLYN UNION GAS CO. et al.** (Supreme Court, Appellate Division, Second Department. April 11, 1913.) Action by Angelina Armenti, as administratrix, etc., against the Brooklyn Union Gas Company and others.

PER CURIAM. Reargument ordered, and case set down for Tuesday, April 22, 1913. If it should be held that there was sufficient evidence to require submitting to the jury the question whether the cause of the subsidence was defective or insufficient shoring, are the provisions of section 18 of the Labor Law (Consol. Laws 1909, c. 31) applicable?